UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JIMMIE MARK PARROTT JR., § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-1052 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Defendant. § | |

## ORDER

Pending are Respondent's Supplemental Motion for Summary Judgment (Docket No. 33) and Petitioner's motions to compel a decision and for expedited consideration (Docket Nos. 37, 54-56, 60). For the reasons to follow, the Court will deny Petitioner's motions and stay this case pending further briefing and resolution of the mandamus petition filed by Petitioner on February 23, 2015. (Docket No. 61.)

Petitioner filed this habeas corpus action on April 10, 2013. (Docket No. 1.) On April 25, 2013, the Court granted Petitioner leave to proceed *in forma pauperis* and ordered Respondent to answer the petition. (Docket No. 8.) On May 8, 2013, Petitioner amended his petition to challenge the substitution on state habeas review of an alternate prior conviction for enhancement purposes (Claim IV). (Docket No. 10.) Respondent filed a Supplemental Motion for Summary Judgment on May 12, 2014. (Docket No. 33.) Having reviewed the summary judgment briefs, the Court finds that they fail to address adequately two core federal issues on which additional briefing is necessary.

First, what is the appropriate federal standard of review for evaluating any prejudice Petitioner may have suffered from the substitution during state habeas proceedings of an alternate prior conviction for enhancement purposes? And, does the Texas Court of Criminal

Appeals' adoption of what is "functionally, a harm analysis," *Ex parte Parrott*, 396 S.W.3d 531, 536 (Tex. Crim. App. 2013), comport with the "substantial and injurious effect" standard adopted in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Second, was the notice and opportunity to be heard regarding the substitution of an alternate enhancement conviction, provided on state habeas review, sufficient to satisfy federal due process under *Oyler v. Boles*, 368 U.S. 448, 82 S. Ct. 501 (1962)?  *See Oyler*, 368 U.S. at 452 (holding that "a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense.")  Although the Texas Court of Criminal Appeals opinion acknowledges *Oyler* in a footnote, *see Ex parte Parrott*, 396 S.W.3d at 537 n. 8, it does not explicitly cite *Oyler* (or any other federal case) as the basis for its holding that "[e]ven when a defendant receives notice after he has been convicted, his due-process rights are not violated as long as notice is sufficient to enable him 'to prepare a defense to them,' and he is afforded an opportunity to be heard." *Id.* at 537 (quoting *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010) (emphasis added).  Instead, it appears that *Oyler* is merely cited as additional support for the proposition that the timing of the notice is only relevant to the extent that it impairs the defendant's ability to put on a defense to the enhancement.  *Id*.  Because it is not clear that the decision in *Ex parte Parrott* was based on federal law, further briefing on the above points is necessary.[1]

Turning to Petitioner's motions to compel and for expedited review (Docket Nos. 37, 54-56, 60), the Court finds that Petitioner has not offered any compelling reason why expedited

---

[1] Respondent's supplemental brief appears to accept that the holding in *Ex parte Parrott* was based on *Oyler*, without clearly stating as much.  It then offers only a summary argument that AEDPA deference to that decision is warranted because *Oyler* was clearly established.  (Docket No. 33 at 22.)

review is necessary here. Although Petitioner asserts that he is serving an illegal sentence based on the challenged enhancement, he has not supported his contention that success on his present claims would entitle him to immediate release. Instead, the record shows that Petitioner pleaded guilty to a third-degree felony which carries a penalty of two to ten years imprisonment even without the challenged recidivist enhancement. *See Ex parte Parrott*, 396 S.W.3d at 533; Tex. Penal Code § 12.34(a). Given his offense date of August 4, 2009, it appears that the earliest Petitioner's present prison term would expire is August 4, 2019.[2] Nor has Petitioner shown any other reason why an expedited ruling is warranted.[3] Thus, the Court finds that Petitioner's motions to compel and for expedited review are without merit.[4]

---

[2] According to Petitioner's Commitment Inquiry, he is not eligible for release on mandatory supervision. (Docket No. 33-2.) Although Petitioner is eligible for parole, he does not have a constitutional liberty interest in such discretionary release. S*ee Allison v. Kyle*, 66 F.3d 71, 73–74 (5th Cir. 1995) (citations omitted). And, given his long criminal history, it appears unlikely Petitioner would be paroled at the earliest possible date.

[3] Petitioner's latest contention, that he will be denied necessary Hepatitis-C treatment unless an immediate decision is made on his habeas petition is also not compelling. (Docket No. 60.) The Court has no reason to believe that prison officials would deny Petitioner constitutionally mandated medical treatment merely because he has a habeas corpus petition pending. Nor do the documents submitted by Petitioner support such a contention. However, if Petitioner believes he is being denied necessary medical treatment he may file a separate civil rights suit challenging his medical care.

[4] In addition to his numerous motions to expedite and compel, Petitioner has also filed more than fourteen letters seeking special consideration and has repeatedly sought mandamus relief in the Fifth Circuit. These constant efforts by Petitioner to push his case to the head of the line are vexatious and only serve to further delay review of his claims. Petitioner is cautioned that continued filing of such redundant and vexatious motions and letters will result in sanctions under Rule 11 of the Federal Rules of Civil Procedure, which may include dismissal of this case.

Based on the foregoing, it is ORDERED that:

1. Petitioner's motions to compel and for expedited consideration (Docket Nos. 37, 54-56, 60) are DENIED.

2. The Parties shall file supplemental briefs within thirty (30) days of this order directly addressing the legal issues identified above. The parties should also address whether oral argument would be beneficial in this case and whether appointment of counsel for Petitioner is warranted.

3. This case is STAYED pending the additional briefing described above and resolution of the mandamus petition recently filed by Petitioner. (Docket No. 61.)

The Clerk of Court will send a copy of this Order to the parties and to the Fifth Circuit Court of Appeals.

SIGNED at Houston, Texas, this 2nd day of March, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE