UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMIE MARK PARROTT JR., | § | |
| TDCJ #1621310, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1052 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Jimmie Mark Parrott, Jr. was confined by Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ") at the time he filed this habeas corpus petition. Petitioner seeks relief from a 15-year sentence that he received as the result of his conviction for a third degree felony, which was enhanced with one prior conviction. After carefully reviewing the petition, court records, state court opinions, motions, supplemental briefing by Petitioner and Respondent,[1] and the applicable law, the Court concludes as follows.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 5, 2009, a Harris County grand jury returned an indictment charging Petitioner with theft of over $20,000 and less than $100,000, which is a third-degree felony

---

[1] On May 1, 2016, Lorie Davis succeeded William Stephens as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Davis is substituted in place of Stephens as the respondent in this case.

offense under Texas Penal Code § 31.03(a).[2] The indictment also alleged two prior felony convictions for sentencing enhancement purposes.[3] The first enhancement was a 1997 conviction for unauthorized use of a motor vehicle ("UUMV") in Cause No. 731089, and the second was a 1999 conviction for theft in Cause No. 808126.[4]

Under Texas law, a third degree felony carries a punishment range of 2 to 10 years' imprisonment and a fine not to exceed $10,000. *See* TEX. PENAL CODE § 12.34 (West 2009). A prior felony conviction may be used to enhance the punishment for a third degree felony to a second degree felony, which carries a sentence range of 2 to 20 years' imprisonment. *See former* TEX. PENAL CODE §§ 12.42(a)(3), 12.33(a) (West 2009). Thus, if an individual is charged with a third degree felony with one felony enhancement, the punishment range increases from 2 to10 years (third degree felony punishment range) to 2 to 20 years (second degree felony range). Further, if the State establishes that the defendant has two prior felony convictions, the sentence may be enhanced to a range of 25 years to life imprisonment. *See* TEX. PENAL CODE §§ 12.42(d) (West 2009). A prior state jail felony conviction, however, may not be used to enhance punishment for a third degree felony. *See Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001) (*en banc*).

Petitioner's case was assigned to the 230th District Court of Harris County, Texas, the Honorable Belinda Hill, presiding.[5] The state trial court appointed Attorney Beverly Melontree

---

[2] *See* Docket Entry No. 11-14 ["Clerk's Record I"] at 17. When citing to the documents on file, this Memorandum and Order uses the pagination stamped at the top of the page of the pleadings in the CM/ECF system, unless otherwise specified.

[3] *Id.*

[4] *Id.*

[5] Clerk's Record I at 2.

as Petitioner's defense counsel.[6]

On January 21, 2010, Petitioner pled guilty to the theft charge set forth in the indictment based on the State's offer to recommend a sentence of 15 years' imprisonment.[7] In making that recommendation, the State abandoned the first enhancement paragraph in the indictment regarding Cause No. 731089, striking through it and noting that "the State abandons this enhancement."[8] It is undisputed that the conviction referenced in the first enhancement paragraph (UUMV) was a state jail felony. The State also struck through the second enhancement, but then noted that "this enhancement is valid."[9] The written admonishments confirm that Petitioner pled guilty to a third degree felony with one enhancement.[10] Petitioner placed his initials next to the all-caps "THIRD DEGREE FELONY WITH ONE ENHANCEMENT" admonishment, which stated: "if a third degree felony is enhanced with one prior felony conviction a term of not more than 20 years or less than 2 years in the [I]nstitutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000.00 may be assessed."[11]

On January 22, 2010, the trial court sentenced Petitioner to 15 years' imprisonment based on the plea of guilty and the signed admonishments.[12] The trial court certified that Petitioner had

---

[6] *Id.* at 18.

[7] Docket Entry No. 11-15 ["Clerk's Record II"] at 21 (Plea of Guilty).

[8] *Id.* at 20.

[9] *Id.*

[10] *Id.* at 23.

[11] *Id.*

[12] Clerk's Record II at 31-32.

no right to appeal because it was a plea-bargain case.[13]

On February 10, 2010, Petitioner filed a notice of appeal.[14]  On April 1, 2010, the state intermediate appellate court dismissed that appeal based on the trial court's certification that Petitioner had no right to appeal his conviction in a plea-bargain case.  *See Parrott v. State of Texas*, No. 14-10-00160-CR, at *1 (Tex. App.—Houston [14th Dist.] April 1, 2010, no pet.).[15]

On March 10, 2010, while his direct appeal was pending, Petitioner filed his first application for a state writ of habeas corpus, arguing that his enhanced sentence was illegal.[16]  In particular, Petitioner argued that punishment for his third degree felony conviction was enhanced improperly with the second enhancement paragraph of the indictment, which referenced his theft conviction in Cause No. 808126, because that offense was only a state jail felony.  As such, this prior felony was not properly used to enhance his punishment.  The state habeas court appointed Mr. Adam Brown as counsel to represent Petitioner during his first habeas proceeding on May 26, 2010.[17]  In its Answer in Cause No. 1227343-A, the State agreed that Petitioner's sentence was not authorized because the enhancement referenced in the second paragraph of the indictment was a state jail felony and was not valid for enhancement purposes.[18]  On October 4, 2010, the state habeas court recommended that the Texas Court of Criminal Appeals ("TCCA") grant relief.[19]  On December 15, 2010, the TCCA dismissed the application without reaching the

---

[13] *See id.* at 33 (Trial Court's Certification).

[14] *Id.* at 41.

[15] Clerk's Record I at 6.

[16] *See* Docket Entry No. 11-39 at 9 (Cause No. 1227343-A).

[17] *Id.* at 24.

[18] *See* Docket Entry No. 11-41 at 30.

[19] Docket Entry No. 11-42 at 23.

merits because Petitioner's direct appeal was pending at the time the application was filed.[20]

On December 27, 2010, Petitioner, apparently proceeding *pro se*,[21] filed a second application for habeas relief in state court in Cause No. 1227343-B, alleging that his sentence was illegally enhanced.[22] He amended his application to add claims for ineffective assistance of counsel and denial of due process of law.[23] On February 22, 2011, the state habeas court ordered briefing on the following issues: (1) whether petitioner was denied effective assistance of counsel, and (2) whether the applicant was illegally confined due to an illegal sentence.[24]

The record reflects that Assistant District Attorney Andrew J. Smith certified that he served a copy of the "State's Proposed Findings of Fact, Conclusions of Law and Order" to Petitioner at his assigned prison unit on March 23, 2011.[25] The State attached three exhibits authenticated as business records from the TDCJ, which detailed three alternate prior felony convictions that would each support Petitioner's 15-year enhanced sentence.[26] In particular, the State tendered certified TDCJ records indicating that Petitioner had a 1982 robbery conviction in Harris County Cause No. 344734; a 1985 theft-by-receiving conviction in Harris County Cause No. 417926; and a 1998 arson conviction in Montgomery County Cause No.96-05-00693-CR.[27]

---

[20] *See* Docket Entry No. 11-39 at 2 (Action Taken Sheet).

[21] Mr. Adam Brown was appointed as habeas counsel for Petitioner's second application on January 5, 2012. *See* Docket Entry No. 11-19 at 5.

[22] Docket Entry No. 11-56 (State Habeas Corpus Record II ["SHCR II"]) at 9-20.

[23] *Id.* at 34, 49-50.

[24] Docket Entry No. 11-57 (State Habeas Corpus Record III ["SHCR III"]) at 6.

[25] *See* SHCR III at 54.

[26] *Id.* at 49-56; Docket Entry No. 11-58 (State Habeas Corpus Record IV ["SHCR IV"]) at 1-25.

[27] *See* SHCR IV at 1-25.

On June 6, 2011, the State filed its Answer, denying the factual allegations in the application, but acknowledging that Petitioner's "conviction for the state jail felony offense of theft in Cause No. 808126 cannot be used to enhance [Petitioner's] punishment for the third degree felony offense of theft."[28]  On June 7, 2011, one day after the State filed its Answer and allegedly before Petitioner had an opportunity to respond to the State's evidence of his prior convictions, the state habeas court adopted the State's proposed Findings of Fact and Conclusions of Law.[29]  In doing so, the state habeas court recommended that relief be denied because although the state jail felony conviction in Cause No. 808126 could not be used to enhance Petitioner's punishment, the State had proffered several other valid felony convictions which could be used to support Petitioner's enhanced sentence.[30]  The state habeas court's findings and conclusions were allegedly forwarded to the TCCA before Petitioner's objections, filed *pro se*, were filed on June 15, 2011.[31]

On September 28, 2011, the TCCA requested briefing on the doctrine of invited error and on whether enhancement of the challenged sentence was limited to the enhancement paragraphs in the indictment or whether other convictions could be used to make the sentence proper.[32]  On January 9, 2013, the Texas Court of Criminal Appeals ("TCCA") denied the application in a written opinion, with three justices dissenting.  *See Ex parte Parrott*, 396 S.W.3d 531, 533 (Tex. Crim. App. 2013).  The TCCA noted that the State did not dispute that a state jail felony was improperly used to increase Petitioner's punishment range to 2 to 20 years.  *See id.*  The majority

---

[28] Docket Entry No. 11-55 (State Habeas Corpus Record I ["SHCR I"]) at 17.

[29] SHCR IV at 33-37.

[30] *Id.* at 36.

[31] *See* SHCR I at 3-7.

[32] Docket Entry No. 11-17 at 1-3.

determined that Petitioner had "demonstrated a cognizable error" on state habeas review, but that he had "failed to establish that he was harmed by that error because his sentence is in accordance with his criminal history, admonishments, and plea-bargain agreement." *Id.* at 538. The majority reasoned that Petitioner failed to make that showing because the record reflected multiple, alternative prior convictions that could be used to enhance his sentence. *Id.* The majority also held that Petitioner had notice and an opportunity to be heard because state habeas proceedings allow for "proof [to] be developed through evidence beyond the appellate record," *id.* at 534, and that Petitioner "presented no evidence revealing any legal impediment to the use of his prior felony convictions for enhancement purposes." *Id.* at 536. The TCCA further found that trial counsel was not ineffective because she could have made the strategic decision not to object to the enhancement in the indictment in order to prevent the State from proffering the other prior convictions that could have further increased the potential punishment range. *See id.* at 534 n.5.

After the TCCA denied Petitioner's motion for rehearing on March 27, 2013, Petitioner filed his federal petition for habeas relief in this Court on April 2, 2013.[33] In that petition, Petitioner sought federal habeas relief on the following claims: (1) he was denied due process because his sentence was not authorized under State law[34]; (2) he was denied effective assistance of counsel because his attorney failed to research and investigate the enhancement paragraphs in the indictment[35]; (3) the trial court lacked jurisdiction to adjudicate the alleged offense because

---

[33] *See* Docket Entry No. 1 ("Petition") at 9-10.

[34] *Id.* at 6.

[35] *Id.*

the indictment does not allege a violation of the Texas Penal Code[36]; and (4) he was punished a second time on state habeas review for the same offense in violation of the double jeopardy clause.[37]

The Respondent filed a motion for summary judgment, which the Court denied without prejudice to filing a supplemental motion addressing certain issues.[38] On December 17, 2015, the Court appointed counsel for Petitioner and thereafter requested that the parties submit further briefing on whether the TCCA: (1) unreasonably applied *Oyler v. Boles*, 368 U.S. 448 (1962), when it upheld Petitioner's sentence based on convictions not listed in the indictment; (2) employed a harm analysis that comports with *Brecht v. Abrahamson*, 507 U.S. 619 (1993), when it concluded that Petitioner did not show harm; and (3) unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), when it concluded that Petitioner's defense counsel was not ineffective.[39]

In his supplemental briefing, Petitioner contends that: (1) his due process rights were violated when the TCCA upheld his sentence without adequate notice and an opportunity to be heard, resulting in an unreasonable application of Supreme Court precedent in *Oyler v. Boles*, 368 U.S. 448, 452 (1962); (2) his right to counsel was violated when he was "resentenced" on state habeas review in contravention of *Mempha v. Rhay*, 389 U.S. 128 (1967); (3) harmless error analysis does not apply because harm is presumed for structural errors; and (4) the Court need not reach Petitioner's claim that he was denied effective assistance of counsel in connection

---

[36] *Id.* at 7.

[37] *See* Docket Entry No. 10 at 1-3 (Motion for Leave to Amend to Add a Claim).

[38] *See* Docket Entry No. 31.

[39] Docket Entry No. 105 (February 17, 2016 Order for Briefing).

with his plea and original sentencing.[40]  Respondent has filed a response,[41] and this § 2254 case is now ripe for adjudication.

## II.  <u>STANDARD OF REVIEW</u>

The federal writ of habeas corpus affords an important, but limited, examination of a state inmate's conviction and sentence.  *See Harrington v. Richter,* 562 U.S. 86, 103 (2011)  (noting that "state courts are the principal forum for asserting constitutional challenges to state convictions").  The Anti-terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified as amended at 28 U.S.C. § 2254(d), "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt"; it also codifies the traditional principles of finality, comity, and federalism that underlie the limited scope of federal habeas review.  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotations omitted).

AEDPA "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in [28 U.S.C.] §§ 2254(d)(1) and (d)(2)."  *Richter,* 562 U.S. at 98.  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  *Id*. at 99.

To the extent that Petitioner exhausted his claims, they were adjudicated on the merits by state courts.  This Court, therefore, can only grant relief if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal

---

[40] *See* Docket Entry No. 106.

[41] *See* Docket Entry No. 111.

law.'" *Berghuis v. Thompkins,* 560 U.S. 370, 378 (2010) (quoting 28 U.S.C. § 2254(d)(1)). The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007). Where a claim has been adjudicated on the merits by the state courts, relief is available under § 2254(d) *only* in those situations "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Richter,* 562 U.S. at 102.

Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative under § 2254(d). *Id.* ("Even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable."). Thus, AEDPA serves as a "guard against extreme malfunctions in the state criminal justice systems," not as a vehicle for error correction. *Id.* (citation omitted); *see also Wilson v. Cain,* 641 F.3d 96, 100 (5th Cir. 2011). "If this standard is difficult to meet, that is because it was meant to be." *Richter,* 562 U.S. at 102.

"Review under § 2254(d)(1) focuses on what a state court knew and did." *Cullen v. Pinholster,* 563 U.S. 170, 182 (2011). Reasoning that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," *Pinholster* explicitly held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 185. Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.*

III. **DISCUSSION**

A. **Due Process Claim Under _Oyler_**

Petitioner's primary claim is that the process used to uphold his sentence was constitutionally deficient under _Oyler v. Boles_, 368 U.S. 448, 452 (1962), particularly because Petitioner was not afforded notice and an opportunity to be heard relative to the newly-proffered prior convictions that were raised on state habeas review.[42] Petitioner contends, therefore, that the state court's decision to uphold his sentence is contrary to or an unreasonable application of _Oyler_, which holds that "a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to trial on the substantive offense." 368 U.S. at 452. Respondent contends that this claim was not properly raised in state court and is, therefore, unexhausted. Assuming that this claim was properly raised, Respondent argues in the alternative that it was rejected by the state courts, meaning that AEDPA deference applies.

1. **Exhaustion**

A review of the record indicates that Petitioner raised a due process claim in his state application and brief in support. In particular, his brief submitted to the TCCA raises the issue that he did not have notice or an opportunity to be heard before the habeas court conclusively found the alternative convictions to be true and valid for the purposes of enhancement.[43] Petitioner argued as follows in state court:

---

[42] _See_ Docket Entry No. 106 at 17.

[43] _See_ Docket Entry No. 11-21 ("Applicant's Brief") at 8.

> The purpose of the enhancement allegation is to provide the accused with notice of the prior conviction relied on by the State. *Cole v. State*, 611 S.W.2d 79, 82 (Tex. Crim. App. [Panel Op.] 1981). Prior convictions used as enhancements must be pled in some form, although not necessarily in the indictment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). The accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial on the question of whether he is the convict named in the judgment. *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006) (quoting *Hollins v. State*, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978)). The State has the burden of proof to show that any prior conviction used to enhance a sentence was final under the law and that the defendant was the person previously convicted of that offense. *Flowers v. State*, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007). The State's obligation in this regard is to make a prima facie showing that the prior conviction used for enhancement is valid. This may be done by introducing the prior judgment and sentence. The burden then shifts to the defendant to prove that it is void and unavailable for enhancement. *Johnson v. State*, 583 S.W.2d 399, 403 (Tex. Crim. App. [Panel Op.] 1979).[44]

Petitioner argued further that he was entitled to relief because he was not provided notice and an opportunity to be heard on the "unpleaded enhancement allegations in post-conviction challenges."[45] Petitioner contended that allowing the State to proffer new convictions in post-conviction habeas review of his sentence would render "the procedures by which such allegations are tested [] essentially optional."[46] These contentions are arguably sufficient to present a due process claim for review.

Notably, the TCCA considered Petitioner's due process claim and cited to the United States Supreme Court's decision in *Oyler* for the proposition that a "'defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense.'"

---

[44] Applicant's Brief at 8-9.

[45] *Id.* at 9.

[46] *Id.*

*Parrott*, 396 S.W.3d at 537 n.8 (quoting *Oyler*, 368 U.S. at 452). The TCCA concluded that Petitioner received adequate notice of the prior convictions that could be used to enhance his conviction and had the opportunity to contest those allegations in post-conviction collateral review proceedings, but did not do so. *Id.* at 538. Based on this record, the Court concludes that Petitioner exhausted his remedies in state court on this issue and that the TCCA rejected Petitioner's claim on the merits. Therefore, this claim is exhausted and is subject to review under the deferential AEDPA standard. *See Richter,* 562 U.S. at 98.

### 2. Illegal Sentence

At its core, Petitioner's claim is based on the premise that he has been subjected to an illegal sentence because the charges in the indictment, together with the invalid enhancement, do not authorize a 15 year sentence under Texas state law. Texas state courts have carefully considered Petitioner's claim and determined that, although Petitioner has shown a "cognizable error," he has not shown the requisite harm to establish his right to relief under Texas law. *See Parrott*, 396 S.W.3d at 538. The TCCA rejected his illegal sentence claim based on state law, and issues of state law are not cognizable on federal habeas corpus review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, (1991) ("[I]t is not the province of a federal habeas court to re-examine state court determinations of state law questions."); *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004) ("[I]n our role as a federal habeas court, we cannot review the correctness of the state habeas court's interpretation of state law."). Therefore, this Court may review Petitioner's illegal sentence claim only to the extent that he establishes a violation of federal due process in connection with his sentence.

### 3. __Federal Due Process__

Petitioner contends that he had a federal due process right to notice and an opportunity to defend against the newly-proffered recidivist charges in his state habeas proceedings based on *Oyler v. Boles*, 368 U.S. 448 (1962). In *Oyler*, the United States Supreme Court held that "a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to trial on the substantive offense." *Id.* Petitioner contends that the TCCA unreasonably applied *Oyler* when it upheld his 15-year sentence based on enhancement convictions not listed in the indictment without giving Petitioner adequate notice or opportunity to challenge those prior convictions. In particular, Petitioner notes that the state habeas court adopted the State's proposed Findings of Fact and Conclusions of Law one day after they were filed and before he had a chance to file his objections. Petitioner claims that the state habeas court did not acknowledge his objections and did not reconsider its findings in light of his submission.[47] Petitioner argues, therefore, that he "had no opportunity to review or respond to the State's new evidence before that evidence was accepted as conclusive by the Texas courts."[48]

In Texas, state habeas review allows for the presentation of evidence outside the appellate record; in fact, the "introduction of new evidence is a key distinguishing feature of habeas corpus." *Parrott*, 396 S.W.3d at 534 (citing *Rouse v. State*, 300 S.W.3d 754, 762 n. 17 (Tex. Crim. App. 2009)). The TCCA held that Petitioner "received adequate notice of his convictions that support the punishment range within which he was sentenced" and had the opportunity,

---

[47] *See* Docket Entry No. 106 at 21.

[48] *Id.* at 22.

during review by the TCCA, to dispute that those prior convictions support the trial court's judgment. *Id.* at 537-38 & n. 8 (citing *Oyler*, 368 U.S. at 508). TCCA specifically noted that Petitioner "could have challenged the validity of those [alternative] convictions and requested an evidentiary hearing to enable the trial court to resolve any factual dispute, but he has not." *Id.* at 538. The TCCA also found that Petitioner "has presented no evidence revealing any legal impediment to the use of his prior felony convictions for enhancement purposes." *Id.* at 536.[49] Thus, the TCCA concluded that, "[a]lthough he has demonstrated a cognizable error, [Petitioner] has failed to establish that he was harmed by that error because his sentence is in accordance with his criminal history, admonishments, and plea-bargain agreement." *Parrott*, 396 S.W.3d at 538.

TCCA's factual finding that Petitioner had notice and an opportunity to contest evidence proffered on state habeas review, based on Texas's habeas corpus procedures allowing for the introduction of evidence, is entitled to deference. *See* 28 U.S.C. § 2254(d), (e)(1). Petitioner does not dispute that Texas procedure allows for the introduction of evidence in state habeas proceedings and he does not dispute that he did not present evidence to show that all of the newly proffered convictions were invalid for purposes of enhancement. Therefore, the TCCA's conclusion that Petitioner had notice and opportunity to contest the newly-proffered alternative

---

[49] Petitioner contends that he did contest the prior convictions, but a review of the entire record reveals that Petitioner acknowledged that at least one of the convictions was valid to support a second degree punishment within the range he received. *See* Docket Entry No. 11-33 at 6 (Petitioner acknowledged, "The State could have substituted either the robbery or the theft by receiving or both. But since both of these became final on the same date, June 14, 1985, and are not subsequent final felony convictions, [the] law only allows the increase of the punishment from a 3rd degree to a 2nd degree, no more."). As discussed above, one felony conviction used as an enhancement would support the range of punishment within which Petitioner was admonished and sentenced. Thus, the TCCA's determination that "the entirety of the record supports a second degree punishment" is not an unreasonable determination of the facts based on the evidence presented in the habeas proceeding and the record as a whole. *Parrott*, 396 S.W.3d at 537.

convictions was not unreasonable.

Moreover, the *Oyler* case is distinguishable from the case presented here. Whereas *Oyler* concerned whether due process notice requirements were met at trial, Petitioner is challenging proceedings that were conducted on state habeas review. Due process concerns that arise during criminal proceedings and direct appellate review of a conviction are fundamentally different from the civil proceedings on collateral attack of that conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987). As the United States Supreme Court has repeatedly explained, "postconviction relief is even further removed from the criminal trial than is discretionary direct review" such that "it is not part of the criminal proceeding itself, and it is in fact considered civil in nature." *Id.* The Supreme Court has explained that habeas applicants, unlike defendants at trial, are in a "fundamentally different position." *Id.* at 559. In the habeas context, "[s]tates have substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review." *Id.* Further, "the Due Process Clause of the Fifth Amendment does not establish any right to an appeal . . . and certainly does not establish any right to collaterally attack a final judgment of conviction." *United States v. MacCollom*, 426 U.S. 317, 323 (1976) (citations omitted) (noting that habeas corpus is not contained in the Due Process Clause but in the Suspension Clause of the Constitution).

Thus, although *Oyler* stands for the proposition that, post-conviction and pre-punishment, a defendant *at his criminal trial* has the right to notice of the recidivist charge, Petitioner does not cite, and the Court has not found, Supreme Court precedent addressing the due process requirements for proffering evidence to demonstrate harm or lack thereof on collateral review. "[I]t is not 'an unreasonable application of' 'clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court."

*Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009) (citing cases). Because *Oyler* does not address the situation here, an alleged lack of notice during state habeas proceedings, *Oyler* does not squarely establish the specific rule Petitioner urges in this case.

Further, although Petitioner characterizes the State's introduction of new evidence of his recidivism on collateral review as a "resentencing," he cites no authority to support the premise that the procedure used could be construed as reopening his criminal case for a new sentencing proceeding. Even if *Oyler* were ambiguous such that it could possibly be construed to have some application in the habeas context, this Court cannot overrule the state court's judgment on that basis. *See Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) ("A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme Court] is, at best, ambiguous."). Because the TCCA's decision does not conflict with the reasoning or the holdings of Supreme Court precedent, the Court concludes that the TCCA's decision was not "contrary to . . . clearly established Federal law." *Id.* Accordingly, the TCCA did not unreasonably apply Supreme Court precedent under *Oyler* regarding its evidentiary procedures on state habeas review, and its determination of the facts was not unreasonable in light of the evidence presented in the state court proceeding.

Moreover, to the extent that Petitioner's claim essentially challenges defects in his state habeas proceedings, it is well established that defects on state habeas review are not grounds for federal habeas relief. *See Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992), *cert. denied*, 507 U.S. 1056 (1993) (citation omitted); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself." (internal quotation marks and citations omitted)). In this regard, Petitioner's

claim that he did not have notice and an opportunity to challenge the State's evidence before the habeas court adopted the State's proposed Findings of Fact and Conclusions of Law fails under Fifth Circuit precedent. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.), *cert. denied*, 527 U.S. 1056 (1999). Similar to the scenario alleged in this case, the petitioner in *Trevino* complained that the state habeas court adopted the proposed findings and conclusions tendered by the State within three hours of filing, before he had any notice or opportunity to respond. *Id.* The Fifth Circuit held that petitioner's "'claim fails because infirmities in state habeas proceedings do not constitute grounds for relief in federal court.'" *Id.* (citing cases). Likewise, Petitioner's claim regarding errors on habeas review fails to state a cognizable federal claim for habeas relief.

Finally, even if the Court were to find that defects in the state habeas proceedings constituted error, Petitioner has not met his burden to show harm under *Brecht v. Abrahamson*, 507 U.S. 619 (1993), which applies generally in federal habeas corpus proceedings under § 2254. *See Fry v. Pliler*, 551 U.S. 112, 121-22 (2007). Under *Brecht*, a habeas petitioner must show not only that he suffered a constitutional error at trial, but also that the error "had substantial and injurious effect or influence in determining the jury's verdict" causing him actual prejudice. 507 U.S. 619 at 637-38. Petitioner does not attempt to meet this standard; instead, he argues that harm is presumed because the error was structural.[50]

His argument is unavailing. Petitioner relies on *Tasco v. Butler*, 835 F.2d 1120, 1123 (5th Cir. 1988), and *French v. Estelle*, 692 F.2d 1021, 1022-23 (5th Cir. 1982), in support of his

---

[50] *See* Docket Entry No. 106 at 21. A "structural error" is a constitutional error, found "only in rare cases," that "'necessarily render[s] a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'" *Washington v. Recuenco*, 548 U.S. 212, 218-219 (2006) (quoting *Neder v. United States*, 527 U.S. 1, 8 (1999)). Here, Petitioner pled guilty to his crime with one enhancement, which was later shown on state habeas review to be supported by his actual criminal history. Petitioner does not show a structural error in his case.

contention that harm need not be shown. Both of these cases, which concern sentencing proceedings that occurred following a criminal trial, are distinguishable because Petitioner's claim regarding the newly proffered convictions concerns lack of notice on collateral review. Further, as Respondent points out, *Tasco* and *French* were decided well before *Brecht*. Likewise, much of the rationale in *French* has been overruled by *Monge v. California*, 524 U.S. 721 (1998) and *Bell v. State*, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999) (*en banc*). Because the defects discussed in *Tasco* and *French* occurred at the trial stage of the defendants' criminal proceedings, rather than on collateral review, *Tasco* and *French* do not support Petitioner's contention that harm is presumed in this instance.

The record does not disclose evidence of harm such that relief is required. Although Petitioner filed objections to the use of alternate convictions, he has made no meritorious showing that none of the newly proffered convictions could not be used to enhance his sentence on remand, and there is no double jeopardy bar to re-sentencing him with the newly proffered priors. *See Monge*, 524 U.S. at 729-30, 734. Thus, given Petitioner's acknowledgment that at least one of the prior convictions could be used to enhance his sentence, he cannot show that the alleged lack of notice of the alternative priors caused him actual prejudice. Petitioner has not met his burden to show harm under *Brecht*.

Based on the totality of the record, the Court concludes that the TCCA's judgment denying relief did not unreasonably apply established Supreme Court precedent, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner is not entitled to habeas relief on this ground.

**B.  Lack of Counsel for "Resentencing"**

Petitioner argues that the TCCA unreasonably applied *Mempha v. Rhay*, 389 U.S. 128 (1967), because he claims he was denied the right to counsel during what he characterizes as a "resentencing" that occurred on state habeas review.[51]  Noting that this claim was never raised in state court, Respondent contends that this claim is unexhausted and procedurally barred.

After a careful review of the entire record and Petitioner's state habeas application in this case, the Court concludes that Petitioner did not raise, in state court, his claim regarding lack of counsel to assist him in defending against the alternative prior felony convictions proffered by the State on collateral review.   As a result, Petitioner did not exhaust state court remedies, which is a prerequisite to federal review.  28 U.S.C. § 2254(b) (1). Because Petitioner has failed to exhaust this claim in state court, his claim is procedurally defaulted.  *See Coleman*, 501 U.S. at 735 n.1; *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).  Accordingly, federal review is barred as the result of Petitioner's procedural default.

Alternatively, even this claim were properly exhausted and not procedurally barred, it would fail on the merits because the United States Supreme Court has repeatedly held that "the right to appointed counsel extends to the first appeal of right, and no further" and has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions."   *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citing and discussing established Supreme Court precedent); *see also In re Sepulvado*, 707 F.3d 550, 554 (5th Cir. 2013) (reiterating rule in the Fifth Circuit that "'the Sixth Amendment does not apply in habeas proceedings'") (citations omitted).  As discussed above, the alleged error, if any, occurred during

---

[51] *See* Docket Entry No. 106 at 20.

the state habeas proceedings, and "infirmities in state habeas proceedings do not constitute grounds for federal habeas relief." *Duff-Smith*, 973 F.2d at 1182. Accordingly, Petitioner cannot show his entitlement to habeas relief based on the alleged lack of counsel on collateral review.

### C.     Ineffective Assistance of Counsel

Petitioner has alleged that he was denied effective assistance of counsel in connection with his guilty plea because his defense counsel did not challenge the enhancement paragraphs that were used to enhance his punishment. Petitioner did not submit supplemental briefing to support a claim for ineffective assistance of counsel, and he appears to acknowledge that obtaining relief on this claim is unavailable in light of the deference due state court findings.[52] Rejecting Petitioner's ineffective assistance of counsel claim, the TCCA reasoned:

> [Petitioner]'s criminal history shows that he is a habitual offender potentially subject to a statutory minimum sentence of 25 years in prison. *See* Tex. Penal Code § 12.42(d). Counsel secured him a 15-year sentence, which was 10 years below the potential minimum range. Had counsel challenged the enhancement paragraph because it alleged a state-jail felony rather than a higher-grade felony, this might have prompted the State to use applicant's other prior felony convictions, thereby subjecting him to a substantially higher punishment range. Applicant's pleas of guilty and true enabled him to receive the lesser punishment to which he agreed in his plea bargain. Because this pleading error may well have benefitted him, applicant cannot show that he received ineffective assistance of counsel.

*Parrott*, 396 S.W.3d at 534 n.5.

Reviewing the record as a whole, the Court finds that the TCCA's conclusion that counsel was not ineffective was not an unreasonable application of *Strickland*. To prevail on a claim of ineffective assistance of counsel, the prisoner must demonstrate that: (1) counsel's

---

[52] *See* Docket Entry No. 106 at 18, 27-29.

performance was deficient and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart,* 474 U.S. 52, 57–58 (1985). "[I]n a guilty plea scenario, a [prisoner] must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott,* 37 F.3d 202, 206 (5th Cir. 1994). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696.

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland,* 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill,* 474 U.S. at 58. In the context of a plea bargain, a habeas petitioner may not attack the ineffectiveness of his counsel "*except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (citations omitted) (emphasis in original).

The record shows that, on January 21, 2010, Petitioner appeared in open court and entered a guilty plea to the charge of theft in Cause No. 1227343.[53] In connection with that plea, petitioner executed a written judicial confession to the charges against him.[54] The judicial

---

[53] *See* Clerk's Record II at 21.

[54] *Id.*

confession is accompanied by a series of written admonishments regarding the range of punishment and the consequences of petitioner's guilty plea.[55] Those written admonishments clearly stated that the punishment range for the third degree felony with one enhancement was 2 to 20 years' imprisonment.[56] The Petitioner, the state district judge, the prosecutor, and petitioner's trial counsel all signed the judicial confession and the written admonishments and waivers.[57] Trial counsel specifically noted that Petitioner's plea was "knowingly and voluntarily" made after fully discussing the consequences.[58] After admonishing petitioner of the consequences of the plea, the trial court expressly found that Petitioner "entered it knowingly and voluntarily after discussing the case with his attorney."[59] Petitioner also acknowledged in those written plea papers that he was "totally satisfied" with the representation received from counsel, and that counsel provided "effective and competent representation."[60]

Official court records, such as the judicial confession executed by Petitioner, the prosecutor, defense counsel, and the trial judge "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081–82 (5th Cir. 1985) (citations omitted). Likewise, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977). Representations made by the defendant, his trial counsel, and the prosecutor at a plea hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to

---

[55] *See id.* at 22–26.

[56] *Id.* at 23.

[57] *Id.* at 21, 26.

[58] *Id.* at 26.

[59] *Id.* at 21.

[60] *Id.* at 26.

any subsequent collateral attack. *Id.*

Petitioner contends that counsel was ineffective because she led him to believe that he was facing 25 years to life imprisonment based on two enhancements and that he felt he "had no choice" but to accept the plea deal for 15 years, when he was only facing a sentence of 2 to 20 years, at most, based on one enhancement. Nevertheless, the admonishments, signed and initialed by Petitioner, refute Petitioner's contention, fully setting forth that the sentence he was to receive was based on a third degree felony conviction with one felony enhancement for a possible maximum sentence range of 2 to 20 years.[61]

Even if Petitioner felt he "had no choice" but to accept the plea deal rather than face a much longer sentence if convicted at trial, it is well established that the threat of a longer sentence if found guilty at trial does not make the plea involuntary. *See Brady v. United States*, 397 U.S. 742, 749-50 (1970) (holding that the prospect of the death penalty did not render the plea of guilty involuntary); *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) ("That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage."). Petitioner does not establish that his plea was involuntary.[62]

---

[61] Clerk's Record II at 23.

[62] In that regard, a voluntary plea of guilty to the indictment pursuant to a plea bargain waives Petitioner's claims that the enhancement in his indictment was not valid for enhancement purposes. *See Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995) ("[A]n objection to the use of a 'prior invalid conviction for enhancement purposes' is waived when a plea of guilty is entered to the enhancement charged." (quoting *Scott v. Maggio*, 695 F.2d 916, 922 (5th Cir.), *cert. denied*, 463 U.S. 1210 (1983)); *see also Long v. McCotter,* 792 F.2d 1338, 1340 (5th Cir. 1986)). For this additional reason, Petitioner fails to establish his entitlement to relief.

Under *Strickland*, there is a strong presumption that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992)(citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993). The TCCA reasoned that counsel's actions were based on a strategic decision to benefit her client and, concomitantly, her performance was not ineffective and did not prejudice Petitioner. Petitioner does not show that the outcome of the plea process would have been different, inuring to his benefit, had his defense counsel challenged the enhancements. Therefore, the state court's finding that counsel was not ineffective was not an unreasonable application of *Strickland* and was not based on an unreasonable determination of the facts in the record as a whole. Accordingly, this claim does not provide a basis for federal habeas relief.

### D. <u>Remaining Claims</u>

Petitioner's remaining claims allege that (1) the indictment was defective; and (2) his "resentencing" violated double jeopardy. Both claims are without merit for the reasons that do not warrant extended discussion.

Regarding Petitioner's claim about alleged defects in the indictment, issues related to state court indictments are not cognizable in federal habeas corpus proceedings unless the indictment was so fatally defective that the trial court lacked jurisdiction. *See McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994)*; see also Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993); *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988), *cert. denied*, 489 U.S. 1086 (1989); *Uresti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987). If the highest state court has considered a petitioner's defective indictment claim and denied relief, federal courts cannot sit in judgment on that same issue in a federal habeas proceeding. *Yohey*, 985 F.2d at 228; *Alexander v.*

*McCotter,* 775 F.2d 595, 598-599 (5th Cir. 1985); *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984). Because Petitioner raised the same claim related to the indictment with the Texas Court of Criminal Appeals in an amendment to his state application for writ of habeas corpus,[63] and because the Texas Court of Criminal Appeals implicitly rejected the claims on the merits, his claim is not cognizable in this § 2254 proceeding. *See McKay*, 12 F.3d at 68, 70; *see also Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007).

Likewise, Petitioner's claim that his punishment violates double jeopardy, either through enhancements in his indictment or through a possible remand for re-sentencing with other prior convictions, fails as a matter of law. *See Monge*, 524 U.S. at 734 (holding that "the Double Jeopardy Clause does not preclude retrial on a prior conviction allegation in the noncapital sentencing context"). Accordingly, none of Petitioner's claims provides any basis for federal habeas relief, and his petition must therefore be dismissed.

IV.     **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. See 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for

---

[63] *See* SHCR II at 50-53.

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## V.  SPECIAL NOTE OF THANKS

The Court expresses sincere appreciation to Mr. Philip G. Gallagher of the Federal Public Defender's Office for his dedicated and zealous efforts to preserve the rights of his client.

## VI.  CONCLUSION AND ORDER

Based on the foregoing, the court **ORDERS** as follows:

1.  The habeas corpus petition is **DISMISSED** with prejudice on the merits.

2.  A certificate of appealability is **DENIED**.

3.  All other pending motions, if any, are **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 30th day of May, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE